NEVIUS v. NEVIUS et al.

(Supreme Court, Appellate Division, First Department. January 11, 1907.)

1. TRUSTS—EXPRESS—SUFFICIENCY OF LANGUAGE.

An instrument conveying all the grantor's interest as legatee and devisee under his parents' wills to his brother recited that the grantor was indebted to his brother and his father's estate in a "considerable sum of money" which he was "desirous of paying" and that the conveyance was made "to that purpose," was an absolute conveyance and not one in trust upon which the grantee could be required to account for any surplus remaining after satisfying the indebtedness.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 34–37.]

2. SAME—PAROL EVIDENCE—ABSOLUTE CONVEYANCE.

Where a conveyance of the grantor's interest as legatee and devisee under his parents' wills was absolute on its face and unambiguous, parol evidence was inadmissible to show that it was intended as a conveyance in trust.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 62–65.]

3. MORTGAGES—ABSOLUTE DEED AS MORTGAGE—PAROL EVIDENCE.

Where plaintiff conveyed, by an instrument absolute on its face, his interest as devisee and legatee under his parents' wills to his brother, and sued him for an accounting, claiming that the conveyance was made in trust for the collection of such interest, the payment of plaintiff's indebtedness, and an accounting for the balance, parol evidence was inadmissible to show the conveyance was intended as a mortgage.

Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by John Foster Nevius against Peter I. Nevius and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

John H. Regan, for appellant.
Herbert S. Barnes, for respondent Jacobson.
J. Frederic Kernochan, for respondent Peter I. Nevius.
Eugene H. Lewis (John C. Rowe, on the brief), for respondents Church, Julien, and Louise K. Nevius.

LAUGHLIN, J. This action was placed upon the Special Term calendar and brought to trial as a suit in equity for an accounting concerning personal and real property assigned and conveyed by the plaintiff to the defendant Peter I. Nevius by an instrument in writing made on the 10th day of December, 1886, and delivered to said defendant pursuant thereto. The instrument assigning and conveying the property is annexed to the complaint and made a part thereof. It recites

that the plaintiff is indebted to the firm of Peter I. Nevius & Son, in which name the defendant Peter I. Nevius was doing business, "in a considerable sum of money" which the plaintiff "is desirous of paying." It then provides:

"Now, therefore to that purpose this indenture. * * * Witnesseth: That the said party of the first part [the plaintiff] for and in consideration of the sum of one dollar ($1) to him in hand paid by Peter I. Nevius and another good and valuable consideration thereto rendered by him to the said John Foster Nevius, he thereunto moving, has granted, bargained, sold, assigned, transferred and set over, and by these presents does grant, bargain, sell, assign, transfer and set over unto the said Peter I. Nevius, all right, title, and interest of the party of the first part in and to all benefits and advantages to the said John Foster Nevius, given him as devisee or legatee named in the last will and testament of his father Peter I. Nevius, now deceased, or as devisee or legatee under the last will and testament of his mother, Mathilda Walker Nevius, likewise deceased, and all property real and personal and the rights thereto which might hereafter accrue to said party of the first part by virtue of anything contained in the last will and testament or as heir-at-law of his said father or his said mother; and likewise all beneficial interest of the said party of the first part in and to a certain policy of insurance for ten thousand dollars ($10,000) on the life of the said Peter I. Nevius, deceased, and which said policy is now held by John Frederick Nevius, as executor of the last will and testament aforesaid. To have and to hold the hereinbefore described property and the whole thereof unto the said Peter I. Nevius and to his heirs, executors, administrators and assigns forever. In witness whereof the said John Foster Nevius has hereunto set his hand and seal the year and day first written."

The plaintiff does not allege that there was any fraud or mistake in the reduction of the agreement to writing or that the instrument of assignment and conveyance did not correctly imbody the agreement of the parties, and he does not ask for a reformation thereof. He alleges, however, that the instrument was executed as a deed of trust, and that the property was delivered in trust to secure the payment of the sums of money then owing by the plaintiff to the firm of Peter I. Nevius & Son; that most of the property has been assigned or transferred by the defendant Peter I. Nevius to the other defendants with full knowledge of the trust; that plaintiff long since demanded an accounting of his rights, interest, and property, and was informed that his indebtedness to said firm and to the estate of his father more than exceeded the value of the property assigned and conveyed by him to the defendant Peter I. Nevius, as aforesaid, but that he has recently been informed and believes that this information was untrue and was fraudulently given with a view to deceiving the plaintiff and inducing him to refrain from insisting upon an accounting, and that, when he discovered the falsity of these representations, he endeavored to obtain from the defendants an accounting under the instrument assigning and conveying the property to the defendant Peter I. Nevius, which he designates a deed of trust. The prayer for relief is that an accounting be had of the plaintiff's indebtedness to the firm of Peter I. Nevius & Son and to the estate of Peter I. Nevius, deceased, and of all the rights, interest, and property assigned and conveyed by the alleged deed of trust, and that, if, upon such accounting, it should be found that there is any sum due and owing from the defendants to the plaintiff, they be de-

creed to pay the same, and for such other and further relief as may be just.

The correctness of the decision depends upon a construction of the instrument assigning and conveying the property. The appellant contends that it is susceptible of the construction that the intention was to assign and convey the property in trust to apply the same in payment of his indebtedness to the defendant Peter I. Nevius, and to account to him for the surplus, if any. The respondents claim that the instrument was intended as an absolute assignment and conveyance of the property in satisfaction and extinguishment of the plaintiff's indebtedness to said Peter I. Nevius. The instrument does not recite in express terms that it is executed in full satisfaction of the indebtedness, but, reading it as a whole, the inference that that was the intention of the parties is quite manifest. Neither the amount of the indebtedness nor the value of the property assigned and conveyed is stated or estimated. It is recited that the indebtedness is "a considerable sum of money, which" the plaintiff "is desirous of paying" and that the assignment and conveyance was made "to that purpose." Literally construed, the instrument means that the plaintiff was desirous of paying all of the indebtedness, and that the assignment and conveyance was made to accomplish that purpose. The assignment and conveyance are absolute and there is no suggestion of an accounting or anything to qualify them. Such being the legal effect of the instrument, as we view it, and none of its provisions being ambiguous, parol evidence to show that it was intended as an assignment and conveyance in trust, instead of absolutely, would be contradictory of its terms, and therefore inadmissible.

Nor would parol evidence be admissible under the doctrine which admits such evidence to show that a bill of sale or deed absolute on its face was intended as a mortgage. This is not an action to redeem the property, and that theory would be utterly inconsistent with the complaint which charges that the assignment and conveyance was made in trust to collect, apply, and account.

It follows that the judgment should be affirmed, with costs.

PATTERSON, INGRAHAM, and McLAUGHLIN, JJ., concur.

HOUGHTON, J. I dissent on the ground that the complaint is good as to the personalty transferred, which might have been in trust without a writing; and hence can be established by parol evidence.